```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SSP CAPITAL PARTNERS, LLC,          Case No.: 07 CV 3878 (NRB)

                Plaintiff,

      -against-

MANDALA LLC, HAROUST, LLC,
HAMILTON GRANGE, LLC, ARABARA, LLC
and 316 SECOND AVENUE, LLC,         Trial by Jury of
                                    all issues is
                Defendants.         hereby demanded
-----------------------------------X
```

## ANSWER TO COMPLAINT

Defendants, MANDALA LLC, HAROUST, LLC, HAMILTON GRANGE, LLC, ARABARA, LLC and 316 SECOND AVENUE, LLC by their attorney, MICHAEL T. SUCHER, ESQ., as and for their Answer to the Complaint of the Plaintiff herein, allege as follows:

1. Admit each and every allegation as contained in paragraphs 2, 3, 4, 5 and 6 of Plaintiff's Complaint.

2. Deny each and every allegation as contained in paragraphs 9, 10, 11 and 12 of Plaintiff's Complaint.

3. Deny knowledge or information sufficient to form a belief as to truth or falsity as to each and every allegation as contained in paragraphs 1, 7 and 8 of Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.  The agreement sought to be enforced by Plaintiff (the "Loan Agreement") was in fact never formed as a contract, and thus, is unenforceable.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.  The Loan Agreement was unenforceable as it was incomplete and, therefore, did not, and could not form a true meeting of the minds between the parties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.  The Loan Agreement was unenforceable as it was silent as to material terms of closing and release of collateral, such that no meeting of the minds as to such terms could have taken place.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.  The Loan Agreement is unenforceable as Plaintiff failed to commit to making the loan during the due diligence period recited in the terms thereof.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.  The Loan Agreement is unenforceable as Plaintiff failed to perform the acts and meet the obligations required by the Loan Agreement's terms, and thus cannot seek to hold the Defendants in default thereof.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. As Plaintiff never set a time of the essence closing date under the Loan Agreement, Defendants were never in default thereof.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11. Plaintiff, at all relevant times, knew that one of the properties intended to be used as collateral under the Loan Agreement was to be sold on an expedited basis and that upon said sale, the Loan Agreement would be rendered impossible to be performed under its terms. When that property was sold before a closing under the Loan Agreement occurred, the doctrine of impossibility of performance excused any further obligation on the part of the Defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12. Plaintiff, at all relevant times, knew that one of the properties intended to be used as collateral under the Loan Agreement was to be sold on an expedited basis and that upon said sale, the Loan Agreement would be rendered impossible to be performed under its terms. As the Plaintiff failed to set a closing date before the sale of said property, it thereupon waived its rights to recover damages from the Defendants by reason of the non-closing under the Loan Agreement.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13. Plaintiff, at all relevant times, knew that one of the properties intended to be used as collateral under the Loan Agreement was to be sold on an expedited basis and that upon said sale, the Loan Agreement would be rendered impossible to be performed under its terms. As the Plaintiff failed to set a closing date before the sale of said property, it is thereby estopped from demanding damages from the Defendants by reason of the non-closing under the Loan Agreement.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims, to the extent they seek loss of profits, are barred, as the Loan Agreement does not require Defendants to borrow.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims, to the extent they seek loss of profits for a loan that never closed, cannot be granted as a matter of equity, as the windfall reaped thereby by Plaintiff renders the transaction so one-sided as to shock the conscience of the Court. To said extent, the Loan Agreement is void and unenforceable under the doctrine of unconscionability.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's complaint, and for the costs and disbursements of this Action.

Dated:  Brooklyn, New York
        October 19, 2007

s/ *Michael T. Sucher*
MICHAEL T. SUCHER, ESQ.
Attorney for all Defendants
26 Court Street, Suite 2412
Brooklyn, New York 11242
(718) 522-1995