# SSP CAPITAL PARTNERS, L.L.C.

11607 Springridge Road, Potomac, MD 20854  (301) 921-6661  Fax (301) 921-0078

December 521, 2006

Haroutiun Denderian
Managing Member
Mandala LLC
Haroust LLC
Hamilton Grange LLC
Arabia LLC
New York, NY

**DEFENDANT'S EXHIBIT**

Subject:    Secured Loan

Dear Mr. Denderian:

Subject to the terms and conditions of this letter, we have agreed to make a loan secured by Mortgages and Pledges on the real property and ownership interests described on Exhibit A (the Collateral).

| | |
|---|---|
| Borrower: | ——————Mandala LLC; Haroust LLC; and Hamilton Grange LLC, and Arabia LLC |
| Guarantors: | Haroutiun (Harry) Denderian and Ekaterina Denderian, husband and wife. |
| Amount: | $550800,000 |
| Facility: | Term Loan (the "Loan"). |
| Purpose: | Business and investment |
| Term: | One Year |
| Repayment Terms: | The Loan will be repaid in full at maturity. |
| Prepayment Penalty: | None |
| Interest Rate: | 14% per annum or 5 ¾% over Prime Rate, whichever is greater, payable monthly in arrears beginning on the first day of the second month subsequent to the month of loan closing. Interest for the partial month of the loan closing shall be paid in advance at the loan closing. |
| Funding: | Funds will be advanced at loan closing. |
| Loan Origination Fee: | $3348,000 to be paid at loan closing. |
| Interest Reserve: | At Loan Closing, Borrower shall post $60,000 as an interest reserve which shall be retained by Lender in an interest bearing account, said interest for the benefit of Borrower. Funds from this account shall be disbursed to Lender for required interest payments and for any other payments required or necessary under the loan documents. Any balance held in this reserve |

1

shall be held as collateral for Borrower's obligations under the Loan Documents. At the time of repayment of the Loan in full, any remaining balance in the reserve with accrued interest will be returned to Borrower.

**Borrower Deposit:** $10,000 to be paid upon acceptance of this commitment. In addition to the $10,000 deposit provided for in this Paragraph, Borrower shall advance as an additional deposit any retainer or additional retainer requested by counsel for Lender in respect of its representation of Lender in connection with this loan transaction. Such advance of a retainer or additional retainer shall be made within 1 business day of receiving a written request for such retainer or additional retainer. This deposit and additional deposit shall be applied to Borrower's obligation to pay all costs to Lender associated with this transaction or to Borrower's obligations at Loan Closing, or in the event Borrower fails to close as required by this Commitment after acceptance of the Commitment by Borrower, this deposit shall be forfeited to Lender. Such forfeiture shall not limit Lender's remedies in the event of Borrower's default hereunder.

**Collateral:** Mortgages or Pledges of the Collateral as indicated on Exhibit A.

**Documentation:** The Loan will be evidenced by the execution of documentation prepared by counsel to Lender. Said documentation will include comprehensive terms and conditions satisfactory to the sole discretion of Lender and its counsel including terms and conditions not outlined in this Commitment and including an Environmental Indemnification Agreement and a Confession of Judgment clause. The documents shall also require the Hamilton Grange LLC within 60 days of closing of this loan to make application to the City of New York for a Certificate of Occupancy for the 28 units, in the building at 605-07 West 141st Street, New York, NY and to pursue the issuance of the Certificate of Occupancy with reasonable diligence including the diligent effort to make whatever repairs and renovation which the City of New York shall require as a condition for the issuance of the Certificate of Occupancy.

**Title Insurance:** The Loan will be conditioned on Lender's receipt of a title insurance commitment for the Collateral and an insured closing letter acceptable to Lender and counsel to Lender in their sole discretion.

**Business Hazard Insurance:** Not less than 7 days prior to the closing of the Loan, the Borrower will provide Lender certificates of insurance evidencing appropriate insurance coverage for liability and casualty losses and evidencing that Lender is a named insured on all policies. The insurance policies must be acceptable to the Lender in all respects, including coverage amounts, issuing companies and scope of coverage.

**Required Reporting:** Until the Loan has been funded and fully repaid, the Borrower and Guarantors will provide or cause to be provided to Lender the following.

2

a) Their annual tax returns within thirty days of its filing including an Application for Extension if one is filed;
b) Their fiscal year-end financial statements by March 1 of each year.
c) Copies of any agreements of sale or lease of the Collateral and any amendments thereto promptly after execution of such agreements.
d) Prompt notice of any material adverse change or any litigation or governmental proceeding with respect to the Collateral, the Borrower or the Guarantors.

**Late Charges:** After the Loan Reserve has been fully disbursed, A~~a~~ fee of 10.00% of the payment amount will be assessed for each and every scheduled payment (including the repayment of the principal balance of the loan on the maturity date) that is not received by Lender by the close of business on the 10th day following the payment due date.

**Default Rate of Interest:** Should the Borrower be in default, after notice and expiration of applicable cure periods in the Loan Documents, of the terms of the Commitment, the rate of interest on all indebtedness of the Borrower to the Lender will increase by 8.00% effective immediately upon Lender's declaration of the default.

**Mortgage Brokerage Fee:** Lender and Borrower agree that there is no broker in this transaction and that Lender and Borrower each agree to pay any mortgage brokerage fee due as a result of their own actions.

**Other Conditions:** Subordinate liens on the Collateral shall not be permitted.

~~Environmental screening reports on the Collateral will be required and will be paid for by Borrower. Existing reports will likely be accepted by Lender in fulfillment of this provision.~~

The Borrower must be in good standing with the jurisdiction in which it is domiciled.

The Borrower must comply with all applicable federal, state and local laws, rules, regulations and ordinances.

This Commitment letter is not assignable by Borrower.

At or following the closing of the Loan, Lender, may assign all or a portion of its Note to one or more individuals or entities. Borrower shall reasonably cooperate in any such assignments without cost or expense to Borrower.

**Costs:** All costs to Lender associated with this transaction including, without limitation, Lender's legal expenses, will be paid by the Borrower, whether or not the loan transaction contemplated hereunder closes or not,. ~~In addition to the deposit provided for above, Borrower shall advance any retainer or additional retainer requested by counsel for Lender in respect of its representation of Lender in connection with this loan transaction. Such advance shall be made within 3 business days of receiving a written request for such retainer or additional retainer.~~

3

**Warranties:**  The Borrower hereby warrants that (i) there is no litigation or administrative or judicial proceeding existing, pending or planned that would in any manner adversely affect the Borrower's ability to repay the funds provided under the Commitment; (ii) that the proceeds of the Commitment will be used solely for the commercial and business purposes of the Borrower and not for personal, family or household purposes; (iii) that any litigation now pending or threatened against the Borrower is de minimis or adequately covered by existing liability insurance. All warranties will be true as of the date of the closing of the Loan and will continue as true until the Commitment has been repaid in full. The Borrower agrees to promptly inform Lender of any event which causes any of these Warranties to be come untrue and, from time to time, to execute and deliver to the Lender, upon request, such affidavits or certifications affirming the continued truth of said Warranties as the Lender may request.

**Material Adverse Change:**  At any time before funding of the Loan, Lender shall have no obligation to close and fund the Loan if, in Lender's sole judgment, there shall have occurred any (a) acts of war, acts of terrorism, or force majeure or (b) any material adverse change in conditions regarding the Collateral or the Borrower; that could be expected to cause the Loan to become delinquent or to adversely affect the value or marketability or profitability of the Loan.

**Lender Due Diligence Period:**  Lender's commitment hereunder is subject to Lender's approval in its sole discretion of the Collateral, the Disclosure Materials, and other due diligence by Lender within 2 business days following Lender's receipt of the Commitment accepted by Borrower and Guarantors and following Lender's receipt of the Disclosure Materials and the Credit Report. In the event Lender does not approve the Loan during the Due Diligence Period, Lender will refund Borrower's deposit less any out of pocket costs associated with this transaction which have been incurred by Lender through the date of its disapproval of the Loan.

**Disclosure Materials**  Borrowers shall promptly provide Lender with the following disclosure materials:
1. Copies of all outstanding mortgages on the Collateral.
2. ~~A copy of the Articles of Organization, and Operating Agreements and all other organizational documents of Borrowers, and all amendments and modifications thereto~~
3. 2. Copy of the deed restriction on 108-112 East 124th Street, New York, NY
4. ~~Copy of any environmental or engineering reports on the Collateral.~~
5. ~~Copy of any building permit now active for any of the collateral.~~
6. ~~Copy of any notices of building code or other violation of governmental laws or regulations with respect to the Collateral.~~

4

7.Copies of a financial report showing accurately all income and expenses for 2005 and for 2006 year to date for 29 West 26th Street, New York, NY and 605-07 West 141st Street, New York, NY.

8.3. A signed detailed financial statement of Guarantors showing <u>accurately</u> all assets and liabilities.

<u>Credit Report</u>

Guarantors, by accepting this letter agreement below hereby authorizes Lender to obtain credit reports showing the credit ratings and supporting details for both Guarantors. Guarantors have provided Lender with its Social Security numbers for purposes of obtaining such credit reports.

<u>Terms and Conditions:</u>

The terms and conditions of this Commitment shall survive the closing of the Loan; provided, however, that if the terms and conditions of this Commitment shall conflict with any of the terms and conditions of the Loan documentation in this transaction, the terms and conditions of the Loan documentation shall prevail.

Please indicate your acceptance of this Commitment by signing below and returning this letter along with your check in the amount of $10,000 payable to SSP Capital Partners, LLC no later than 5pm, December 7 21, 2006 to:

Michael Gordon
Social Service Properties, LLC
11607 Springridge Road
Potomac, MD 20854

If we have not received your signed acceptance of this commitment and deposit check by 5pm on December 7 21, 2006, time being of the essence, this Commitment shall expire and be of no force and effect.

5

If you have any questions or would like to discuss any of the terms and conditions of this Commitment, please give me a call at 301 928-9920.

Sincerely,

Michael Gordon

Accepted this 21 day of December, 2006.

BORROWERS:

Mandala LLC
Haroust LLC
Hamilton Grange LLC
By: _____
Managing Member of Each Borrower

GUARANTORS:
_____
Haroutiun (Harry) Denderian

_____
Ekaterina Denderian

# EXHIBIT A
## THE COLLATERAL

### MORTGAGES

1. 29 West 26th Street, New York, NY. A seven story loft building. 3rd Mortgage to be given subject only to an existing first mortgage with an outstanding balance not to exceed $1,800,000 and an existing second mortgage with an outstanding balance not to exceed $500,000.

2. 605-07 West 141st Street, New York, NY. A 28 unit multifamily building. 2nd Mortgage to be given subject only to an existing first mortgage with an outstanding balance not to exceed $4,050,000.

3. <u>72-84 East 111th Street, New York, NY. A partially improved lot of approximately 11,706 square feet including a vacant commercial warehouse.</u>

### PLEDGE OF 100% OF OWNERSHIP INTERESTS

1. 116-122 East 124th Street, New York, NY. A 5 story building with approximately 46,000 square feet above grade. Outstanding mortgages and other liens may not during the term of this loan exceed $4,700,000. [handwritten: $6,500,500]

2. 108-112 East 124th Street, New York, NY. An option to purchase this unimproved land of approximately 75 feet by 100 feet for $1,600,000. No lien may be placed on this option during the term of this loan.