**TIAA** Teachers Insurance and Annuity Association
College Retirement Equities Fund

730 Third Avenue/New York, NY 10017
(212)490-9000

October 26, 1987

Coaxial Communications of Central Ohio, Inc.
3770 E. Livingston Avenue
Columbus, OH

Attention: Dennis J. McGillicuddy
President-General Partner

Re: Coaxial Communications of Central Ohio, Inc.
$55,000,000 11.44% Senior Secured Notes due 1998

Gentlemen:

We are pleased to confirm that our Finance Committee has authorized the acquisition by Teachers Insurance and Annuity Association of America ("TIAA") of the captioned securities to be issued jointly by Coaxial Communications of Central Ohio, Inc., Coaxial Associates of Columbus I, Coaxial Associates, of Columbus II and Phoenix Associates, hereinafter referred to collectively as the Company.

This authorization is contingent upon the preparation, execution and delivery of documents, in form and substance satisfactory to TIAA and to TIAA's special counsel, substantially in accordance with the Summary of Proposed Terms attached hereto; and is further contingent upon the absence of any material, adverse change in the business or financial condition of the Company from that in existence on June 30, 1987. This authorization will expire if the necessary documents, as aforesaid, have not been executed prior to December 21, 1987, unless TIAA has extended said date in writing.

Other Provisions: The documents shall contain such representations and warranties, closing conditions, other covenants, events of default and remedies, requirements for delivery of financial statements, and other information and provisions as are usual and customary in this type of transaction and as we and our special counsel may deem reasonably necessary to accomplish this transaction.

Special Counsel: Milbank, Tweed, Hadley & McCloy.

Expenses: The Company agrees to pay or, at TIAA's option to reimburse TIAA, for all reasonable out-of-pocket expenses incurred in connection with this transaction including, without limitation, fees and expenses of our special counsel, printing costs, broker's or finder's fees or commissions, if any, whether or not this transaction is consummated.

PLF EXHIBIT 19
FOR IDENTIFICATION
BENJAMIN REPORTING SERVICE
12/11/5   I.H. BENJAMIN

If the foregoing properly sets forth your understanding of this transaction, please evidence acceptance of the conditions of this letter by having it executed below by a duly authorized officer of the Company and by returning one executed counterpart to TIAA, attention: Securities Division.

Upon receipt by TIAA of an accepted counterpart of this letter, ~~and upon approval of the proposal by our Finance Committee~~, our agreement to purchase from you and your agreement to issue, sell and deliver to us, or at our request to our wholly-owned subsidiary, the captioned securities, shall become a binding agreement between us. Failure to receive such acceptance by November 6, 1987 will constitute termination of this authorization.

Very truly yours,

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA

BY _____
JOHNSTON W. NORTHROP
ASSISTANT INVESTMENT OFFICER

Accepted and agreed to:

COAXIAL COMMUNICATIONS OF CENTRAL OHIO, INC.
COAXIAL ASSOCIATES OF COLUMBUS I
COAXIAL ASSOCIATES OF COLUMBUS II
PHOENIX ASSOCIATES

BY _____
Dennis S. McGillicuddy
President & General Partner

Coaxial Communications

## Summary of Proposed Terms

| | | | |
|---|---|---|---|
| **Amount** | $55,000,000 | **TIAA** | $55,000,000 |
| **Rate** | 11.44%, payable semi-annually | **Term** | 10 years |
| **Takedown** | December, 1987 | **Average Life** | 8.3 years |

**Security**  The Notes will rank pari passu to the bank revolver of $30 million in all respects except for the timing of mandatory reductions of principal. The Notes will be secured by a pledge of all ownership interest in the Company and its restricted subsidiaries, and a lien on all tangible and intangible assets of the Company and its restricted subsidiaries, whether now owned or hereafter acquired.

**Guarantees**  The Notes will be unconditionally guaranteed as to principal and interest by the Company's restricted subsidiaries.

**Required Repayments**  No prepayment will be required in the first two years. Thereafter, the Notes will be prepaid in accordance with the following schedule to retire the issue in full upon maturity:

| | | | |
|---|---|---|---|
| 1991 | $1,860,000 | 1995 | $ 4,188,000 |
| 1992 | 3,131,000 | 1996 | 5,167,000 |
| 1993 | 3,131,000 | 1997 | 5,167,000 |
| 1994 | 4,188,000 | 1998 | 28,168,000 |

**Optional Prepayments**  The Notes shall be non-callable for five years. Thereafter the Notes are callable at a price determined by discounting the remaining payments on the Notes at a rate equal to the then existing yield to maturity on Treasury securities of equivalent remaining average life plus 100 basis points, but in no event less than par.

**Covenants**  1) The ratio of Annualized Quarterly Cash Flow to the next four quarters' Total Debt Service will be maintained to exceed 120%.

2) Total Debt shall not exceed six times Annualized Quarterly Cash Flow.

3) Restricted payments, including management fees and restricted investments, limited to 75% of Net Cash Flow accumulated after 9/30/87 plus the proceeds from the issuance of capital stock and funded debt including the revolver, but not including the proceeds of this financing, so long as no default exists. Net Cash Flow is defined as net income plus depreciation, amortization, and any restricted payments

included as an expense in net income, less capital expenditures and debt principal payments.

4) Positive cash balances plus bank revolver availability shall be maintained in an amount equal to management's projected operating cash flow for the succeeding year, as set forth in the Company's projections, less Annualized Quarterly Cash Flow.

5) Other covenants as are customary, including limitations on sale of assets, liens, short-term debt, operating leases, mergers and restrictions on investments and subsidiary debt.

6) Additional liens limited to $15,000,000 extension of the bank revolver.